UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
DEPUTY CLERK

MICHAEL BLANTON and MARK CLINE, individually on behalf of themselves, and on behalf of all others similarly situated,

and

TIMOTHY McFEATERS,

        Plaintiffs,

v.

ROGERS HEATING & COOLING, INC.,

and

JAR INVESTMENTS, LLC,

and

JOSEPH ALLEN ROGERS,

and

ALYSSA ROGERS,

        Defendants.

Case No. 4:24-CV-00046 _____

## COMPLAINT

### Introduction

1. This is a case of wage theft and retaliation by an employer against several employees who spoke up against and opposed wrongs in the workplace.

2. Two of the Plaintiffs, Michael Blanton ("Blanton"), and Mark Cline ("Cline"),

1

bring wage theft claims on behalf of themselves and all others similarly situated, to recover unpaid wages and overtime pay from Rogers Heating & Cooling, Inc., JAR Investments, LLC, Joseph Allen Rogers, and Alyssa Rogers (collectively, "Defendants").

3. All three Plaintiffs, Blanton, Cline, and Timothy McFeaters ("McFeaters"), engaged in legally protected activity and were terminated by Defendants in retaliation therefor, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Virgina's anti-retaliation statute Code of Va. § 40.1-27.3.

4. Blanton and Cline bring their federal wage theft claims on behalf of themselves and all similarly situated individuals as a "collective action" (the "Putative FLSA Collective") in Count I, for failure to pay overtime in violation of the FLSA, 29 U.S.C. § 216(b).

5. Blanton and Cline bring their state law wage theft claims on behalf of themselves and all similarly situated individuals as a proposed Rule 23 class action (the "Putative Rule 23 Class"), in Counts II and III asserting violations of the Virginia Overtime Wage Act, § 40.1-29.2 ("VOWA") and the Virginia Wage Payment Act, § 40.1-29 ("VWPA"), respectively, for failure to pay overtime and non-overtime wages in violation of state law.

6. Count IV is brought by all Plaintiffs against all Defendants for their unlawful termination in violation of the FLSA's anti-retaliation provision. Plaintiffs each opposed and complained about Defendants' violations of the FLSA, and were fired in reprisal for such protected activity.

7. Count V is brought by all Plaintiffs against all Defendants for their unlawful termination in violation of Virginia's anti-retaliation statute, Va. Code § 40.1-27.3. Plaintiffs each opposed and reported Defendants' violations of law to a supervisor or owner of the company, and were fired in reprisal for such protected activity.

## Jurisdiction And Venue

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

9. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' supplemental state law claims, which are brought pursuant to the laws of the state of Virginia, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10. Venue is proper in the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Parties

11. Defendant Rogers Heating & Cooling, Inc., ("Rogers Heating") is a Virginia-based corporation with its principal location at 602 Seymour Drive, South Boston, VA, 24592. Joseph Allen Rogers is the Registered Agent. Rogers Heating operates as a heating, air conditioning and electrical contractor in South Boston, Virginia and surrounding areas.

12. Defendant JAR Investments, LLC ("JAR") is a limited liability company with its principal office at 1133 Shady Lane, South Boston, VA 24592. Alyssa Rogers is the Registered Agent of JAR. Upon information and belief, Defendant Joseph Allen ("Joey") Rogers is an officer or executive of JAR. JAR is a related entity to Rogers Heating and on information and belief, is so integrated and interrelated that JAR and Rogers Heating's operations and finances are intertwined with each other such that they are joint employers of the Plaintiffs.

13. Defendant Joseph Allen ("Joey") Rogers is the President and Registered Agent of Rogers Heating. He is known locally and professionally as "Joey" Rogers and – to distinguish

him from co-defendant Alyssa Rogers – is referred to herein as "Joey". He is an alter ego of Rogers Heating and JAR. Joey Rogers was ultimately responsible, and the decisionmaker, with respect to the wage theft and retaliatory actions complained of herein, or alternatively, along with his wife and co-owner and co-Defendant Alyssa Rogers, Joey and Alyssa Rogers jointly made the decisions regarding the wage theft and retaliatory actions complained of herein.

14. Defendant Alyssa Rogers ("Alyssa") is the Vice President and Secretary of Rogers Heating, and also the wife of co-Defendant Joey Rogers. Alyssa was involved in the day-to-day operations of Rogers Heating, and as such engaged in the wage theft and retaliatory actions complained of herein.

15. Plaintiff Michael Blanton is a resident of Graham, North Carolina. Blanton worked for Defendants in South Boston, Virginia and in surrounding areas.

16. Plaintiff Mark Cline is a resident of Graham, North Carolina. Cline worked for Defendants in South Boston, Virginia and in surrounding areas.

17. Plaintiff Timothy McFeaters is a resident of North Carolina. McFeaters worked for Defendants in South Boston, Virginia and in surrounding areas.

## Factual Allegations

18. Defendants employed Blanton as a Plumber/HVAC Technician from approximately February 2, 2024 to March 28, 2024. Blanton was paid on an hourly plus commissions basis.

19. Defendants employed Cline as a Plumber from approximately April 2, 2024 to March 28, 2024. Cline was paid on an hourly plus commissions basis.

20. Defendants employed McFeaters as the General Manager of Rogers Heating from approximately November 2023 to March 28, 2024.

21. Blanton and Cline, and similarly situated individuals, work or worked as plumbers, technicians, or in similar hourly-paying jobs, and were primarily responsible for performing manual labor for Defendants.

22. Defendants suffered and permitted Plaintiffs and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

23. At all times relevant herein, Defendants operated a willful scheme to deprive Blanton and Cline and other similarly situated hourly-paid employees (including employees paid on an hourly plus commissions basis) of Rogers Heating of their wages, including overtime compensation.

24. Defendants' wage theft schemes included the following:

   a. Defendants intentionally altered employees' time/pay records to reduce the hours and pay rightfully owed to the employees (referred to herein as the "timeclock alteration" scheme);

   b. Defendants failed to account for Blanton's and Cline's, and similarly situated employees' commissions when calculating their regular rate of pay for overtime purposes (referred to herein as the "overtime miscalculation" scheme);

   c. Defendants intentionally failed to pay Blanton and Cline, and similarly situated employees their promised commissions and wages (referred to herein as the "unpaid wages" scheme);

   d. Defendants intentionally deducted money from employees' paychecks without prior written or signed authorization (referred to herein as the "wage deduction" scheme);

  e. Defendants made an automatic time/pay deduction for lunch each day, despite knowing that its employees did not always get an uninterrupted 30-minute meal break each day (referred to herein as the "auto-lunch deduction" scheme). Specifically, Blanton and Cline, and similarly situated individuals were typically busy working jobs, and travelling from job to job, that they rarely stopped working for an uninterrupted 30-minute meal break;

25. In addition to the above wage theft schemes, when Joey Rogers recruited Blanton and Cline to work for Rogers Heating, he promised that Defendants would pay them for a portion of their daily commute between Graham, North Carolina (where they reside) and South Boston, Va.

26. Joey's offer to Blanton and Cline, which they relied on and accepted as part of their contractual wages for Rogers Heating, was that the first 30 minutes of their commute to work and the last 30 minutes of their commute home would <u>not</u> be paid, but that Defendants <u>would</u> pay them for their commute time to and from work beyond those 30 minutes each way.

27. The commute between Graham, N.C. and South Boston, Va. was at least 75 minutes each way, therefore, Joey's offer to Blanton and Cline was to pay them wages for 45-minutes (of the 75-minute commute) each way, or 1.5 hours per day.

28. At the time that Joey was recruiting them to work for Rogers Heating, Blanton and Cline each were already gainfully employed and would not have left their prior employment but for Joey's promise to pay each of them for 1.5 hours of their 2.5-hour daily commute from Graham, North Carolina.

29. Joey extended the same offer to other employees, *i.e.*, that they would be paid for their commute time beyond 30 minutes each way.

6

30. Blanton and Cline accepted Joey's offer to work for Rogers Heating to include 1.5 hour per day of paid commute time.

31. Defendants failed to pay Blanton and Cline and others similarly situated for their contractual wages for their daily commute (excluding the first and last 30 minutes each way) as promised. Defendants' failure to pay such wages is in violation of the VWPA.

32. Defendants should be in possession of records that reflect the deductions and alterations made to the time and pay of its technicians like Blanton, Cline, and others, reflecting the "timeclock alteration" scheme, the "overtime miscalculation" scheme, the "unpaid wages" scheme, the "wage deduction" scheme, and the "auto-lunch deduction" scheme. ON information and belief Defendants may have destroyed some timesheets turned in by its hourly employees.

33. Blanton estimates that for each week that he worked for defendants (excluding the occasional week when he had day(s) off for sick, vacation, or holiday), he worked approximately 60 hours each week. Blanton did not receive: (1) pay for all of the hours he worked; (2) all of the commissions he was owed; (3) pay for 1.5 hours of his 2.5-hour daily commute time as promised; or (4) the full amount of overtime premium at the correct overtime calculation for his overtime hours worked.

34. Cline estimates that for each week that he worked for defendants (excluding the occasional week when he had day(s) off for sick, vacation, or holiday), he worked approximately 60 hours each week. Cline did not receive: (1) pay for all of the hours he worked; (2) all of the commissions he was owed; (3) pay for 1.5 hours of his 2.5-hour daily commute time as promised; or (4) the full amount of overtime premium at the correct overtime calculation for his overtime hours worked.

35. Blanton, Cline, and others complained to Defendants and other supervisors and

managers of Rogers Heating about the various wage theft schemes that deprived them of their pay.

36. Although Defendants had a legal obligation to do so, Defendants failed to keep adequate or accurate records of the hours worked by Plaintiffs and the other similarly situated individuals.

37. In fact, Joey and Alyssa intentionally altered or destroyed the time or pay records of hourly employees in order to deprive them of their wages.

38. Plaintiff McFeaters, the General Manager, told Joey on multiple occasions, that Defendants were illegally withholding wages from Blanton, Cline, and other hourly employees.

39. Joey was McFeaters' supervisor.

40. McFeaters informed and reiterated to Joey multiple times the withholding of, and deductions from, pay were unlawful and violated wage and hour laws, and that Defendants must pay employees on the agreed pay structure, including paying all commissions and wages, and travel time except for first 30 min in morning and final 30 min in evening. McFeaters wrote a document setting forth Defendants' pay plan, and received verbal approval from Joey and Alyssa Rogers. That written plan was presented to the hourly service staff for review and signature on or about March 26 2024. Within days after the last time that McFeaters complained to Joey about the unlawful wage theft that was occurring, including failure to pay overtime wages, Defendants terminated McFeaters

41. Blanton's and Cline's supervisor was McFeaters.

42. Blanton and Cline each, on multiple occasions, complained to their supervisor McFeaters, and to the co-owner Joey, that Defendants were illegally withholding wages from them, shorting them on hours, including not paying all of their overtime wages. The subject and

nature of such allegations made clear that Defendants were in violation of wage and hour laws. Within days after the last time that Blanton and Cline each complained about the unlawful wage theft and failure to pay overtime wages, Defendants terminated Blanton and Cline.

43. McFeaters, Blanton and Cline were terminated on the same day.

44. On March 28, 2024, Joey and Alyssa called a meeting with McFeaters, Blanton, Cline, and two others (Laurie Clayton, the Controller, and Kelly Ferguson, the Service Manager, both of whom also spoke out to Joey and Alyssa in opposition to Defendants' unlawful pay practices).

45. Once McFeaters, Blanton, Cline, Clayton, and Ferguson were all gathered in the Rogers Heating conference room, Joey stated that everybody in the room is fired immediately (except for himself and Alyssa). Joey then walked out without any further discussion.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

46. Blanton and Cline file this action on behalf of themselves and the Putative FLSA Collective. The putative FLSA Collective is defined as follows:

> **Any individual who: (1) is/was an hourly or commissioned employee of Defendants, (2) who worked over 40 hours during any week, (3) within the three years prior to the filing of this lawsuit.**

47. Blanton and Cline have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b), and their signed consent forms are attached hereto as **Exhibit A**.

48. During the applicable statutory period, Blanton and Cline and the Putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving full overtime premiums for their overtime hours worked.

49. Defendants willfully engaged in a pattern of violating the FLSA, as described herein, and failing to pay Blanton and Cline and the Putative FLSA Collective proper overtime compensation in weeks when they worked more than 40 hours per week.

9

50. Blanton and Cline and the Putative FLSA Collective were paid, and continue to be paid, under a similar pay scheme which deprived them of overtime pay.

51. Defendants are liable under the FLSA for failing to properly compensate Blanton and Cline and the Putative FLSA Collective. Accordingly, notice should be sent to the Putative FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through their records.

## RULE 23 CLASS ALLEGATIONS (STATE LAW CLAIMS)

52. Blanton and Cline bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the Putative Rule 23 Class members to vindicate their rights under Virginia's laws prohibiting wage theft.

53. Code of Virginia § 40.1-29.2, known as the Virginia Overtime Wage Act ("VOWA"), provides employees in Virginia with a state law right of action to recover overtime premiums for all work performed in excess of 40 hours per week.

54. Code of Virginia § 40.1-29, known as the Virginia Wage Payment Act ("VWPA"), provides employees in Virginia with a state law right of action to recover unpaid wages.

55. Class action treatment of the state law claims (VOWA and VWPA) by Blanton and Cline and the Putative Rule 23 Class members is appropriate because all requisites of Federal Rule of Civil Procedure 23 are satisfied.

**A. Class Definition**

56. The proposed class definition of the Putative Rule 23 Class includes:

10

>  **Any individual who: (1) is/was an hourly or commissioned employee of Defendants, (2) who worked within the three years prior to filing of this lawsuit.**

57. Blanton and Cline and the Putative Rule 23 Class members were subject to the same wage theft pay schemes as alleged herein.

### B. Efficiency of Class Prosecution of Common Claims

58. Certification of the proposed Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of Blanton and Cline and the Putative Rule 23 Class members. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

### C. Numerosity and Impracticality of Joinder

59. The Putative Rule 23 Class includes numerous individuals, all of whom are readily ascertainable based on Defendants' business records, and are so numerous that joinder of all class members is impracticable. Plaintiffs estimate that more than 35 individuals are Putative Rule 23 Class members.

### D. Common Questions of Law and Fact

60. Questions of law and fact are common to all class members because this action concerns Defendants' common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

### E. Typicality of Claims and Relief Sought

61. The claims of Blanton and Cline are typical of those of the Putative Rule 23 Class

members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by Blanton and Cline for unpaid overtime wages and misclassification compensation is also typical of the relief which is sought on behalf of the proposed class.

### F. Adequacy of Representation

62.     Blanton's and Cline's interests are co-extensive with the proposed class, and they will fairly and adequately represent the class members and their interests. Blanton and Cline have retained counsel experienced in prosecuting class action employment cases to protect the interests of the Putative Rule 23 Class.

### G. Rule 23(B)(3) Requirements

63.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

64.     The Putative Rule 23 Class members would not conceivably have an interest in individually controlling a separate action because any such claim would be based on the same centralized wage theft practices, and their recovery in any action – individual or class action – would be based on the amount of wages, overtime compensation, or other damages that each individual Plaintiff had been denied by Defendants.

65.     Blanton and Cline are not aware of any other litigation within the Commonwealth of Virginia concerning the controversy that has already begun by or against any proposed class member.

66.     It is desirable to concentrate the litigation of these claims in this forum because

the employment practices complained of herein occurred in this forum.

67. Blanton and Cline and counsel do not foresee any substantial difficulties in managing a class action in this forum.

## CAUSES OF ACTION

### COUNT I – FAIR LABOR STANDARDS ACT - FAILURE TO PAY OVERTIME

**(On Behalf of Blanton and Cline and the Putative Collective)**

68. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

69. Defendants suffered and permitted Blanton and Cline and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

70. Defendants' actions, policies, and practices described herein violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Blanton and Cline and the other similarly situated individuals their rightful overtime compensation.

71. As the direct and proximate result of Defendants' unlawful conduct, Blanton and Cline and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages, and they are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

72. By failing to accurately record, report, and/or preserve records of hours worked by Blanton and Cline and the other similarly situated individuals, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

73. The conduct alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

### COUNT II - VA. CODE § 40.1-29.2 (VIRGINIA OVERTIME WAGE ACT)
### (On Behalf of Blanton and Cline and the Rule 23 Class)

74. Defendants have knowingly violated VOWA by failing to pay overtime to Blanton and Cline and the Putative Rule 23 Class members when they worked over forty (40) hours in individual workweeks.

75. Blanton and Cline and the Putative Rule 23 Class members are/were not exempt from the overtime provisions of VOWA.

76. Blanton and Cline and the Putative Rule 23 Class members are and were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

77. Defendants paid Blanton and Cline and others similarly situated, only a portion of their overtime compensation, if any.

78. Defendants violated VOWA by failing to pay overtime to Blanton and Cline and the Putative Rule 23 Class members at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

79. Defendants' failure to pay Blanton and Cline and the Putative Rule 23 Class members an overtime premium for all time worked over forty (40) hours in a workweek was willful or knowing.

80. Blanton and Cline bring this action on behalf of the Putative Rule 23 Class for all violations alleged herein commencing July 1, 2021, and ongoing.

81. Blanton and Cline and the Putative Rule 23 Class members are entitled to recover

payment of their unpaid overtime wages, plus an equal amount of liquidated damages, prejudgment interest, and attorney's fees.

82. Moreover, pursuant to Va. Code §§ 40.1-29(J) and 40.1-29.2, in effect from July 1, 2021 to June 30, 2022, Defendants' VOWA violations were "knowing", thus entitling Putative Rule 23 Class members who were employed during such time period to recover triple damages for such VOWA violations.

83. If this claim is not certified as a class action, Blanton and Cline will pursue their claims individually against Defendants.

### COUNT III – VA. CODE § 40.1-29 (VIRGINIA WAGE PAYMENT ACT)
### (On Behalf of Blanton and Cline and the Rule 23 Class)

84. Defendants engaged in several wage theft schemes alleged herein which deprived Blanton and Cline and the Putative Rule 23 Class members of their wages owed under VWPA.

85. Defendants violated VWPA by failing to pay Blanton and Cline and the Putative Rule 23 Class members their wages for all hours worked as alleged herein.

86. Defendants knew that Blanton and Cline and the Putative Rule 23 Class members were not paid for all hours worked. In fact, Joey and Alyssa intentionally altered or destroyed some time or pay records of hourly employees. Defendant knowingly and/or willfully failed to pay Plaintiffs all wages due.

87. Pursuant to Va. Code § 40.1-29(J), Blanton and Cline and the Putative Rule 23 Class members are entitled to recover payment of their unpaid wages, an equal amount of liquidated damages, prejudgment interest, and attorney's fees.

88. Defendants knowingly failed to pay such wages, thus entitling Blanton and Cline and the Putative Rule 23 Class members to recover triple damages.

89. If this claim is not certified as a class action, Blanton and Cline will pursue their

claims individually against Defendants.

## COUNT IV – FLSA RETALIATION

### (On Behalf of all Plaintiffs)

90. Plaintiffs complained to Joey and Alyssa about wage theft violations of the FLSA, and spoke out in opposition to Defendants' wage theft schemes which included violations of the FLSA.

91. Within days after each Plaintiff last complained to Joey or Alyssa about unlawful wage theft, they were terminated by Defendants.

92. Defendants terminated Plaintiffs with the intent and purpose of retaliating against them for speaking out and opposing Defendants' unlawful wage theft.

93. As a result of Defendants' unlawful retaliatory discharges, Plaintiffs have each suffered economic damages including lost wages, compensation, income, benefits, and non-economic damages including pain, suffering, emotional distress, humiliation, and mental anguish.

## COUNT V – VA. CODE § 40.1-27.3 (VIRGINIA RETALIATION STATUTE)

### (On Behalf of all Plaintiffs)

94. Plaintiffs each reported to a supervisor, and spoke out in opposition to, Defendants' violations of state and federal wage theft laws.

95. Within days after each Plaintiff last reported such unlawful wage theft, they were terminated by Defendants.

96. Defendants terminated Plaintiffs with the intent and purpose of retaliating against them for reporting and opposing Defendants' unlawful violations of state and federal wage theft laws.

97. As a result of Defendants' unlawful retaliatory discharges, Plaintiffs have each

lost their jobs with Defendants and suffered economic damages including lost compensation, wages, benefits, and other remuneration plus interest thereon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the putative FLSA Collective and the Rule 23 Class, pray for judgment against Defendants, jointly and severally, as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Certification of a class pursuant to Fed. R. Civ. P. 23 on the VOWA and VWPA claims;

C. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court;

D. Judgment against Defendants in the amount of Plaintiffs' and the putative FLSA Collective's and Rule 23 Class Members' unpaid back wages at the applicable regular or overtime rates;

E. An award of all damages, liquidated damages, triple damages, pre-judgment interest and post-judgment interest as permitted by the laws sued under;

F. An award of compensatory, punitive, and any other damages to be determined by a jury or the court as permitted by the anti-retaliation laws sued under;

G. Injunctive relief as permitted under state law;

H. Reinstatement or other relief as permitted under state law; and

I. An award of attorneys' fees and costs incurred in prosecuting this action;

J. For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a TRIAL BY JURY for all claims and issues so triable.

        Respectfully Submitted,
**Michael Blanton** and **Mark Cline**, individually and on behalf of all others similarly situated, and **Timothy McFeaters**

Plaintiffs

By:    /s/ *Craig Juraj Curwood*
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
**BUTLER CURWOOD, PLC**
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
Email: craig@butlercurwood.com
       zev@butlercurwood.com
       samantha@butlercurwood.com

*Attorneys for Plaintiffs and Putative Collective/Class Members*